IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| A.H., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:16-CV-509 CDP |
| ) | |
| COUNTY OF ST. LOUIS, ) | |
| MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ST. LOUIS COUNTY'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW Defendant St. Louis County and submits its Memorandum of Law in Support of its Motion to Dismiss.

**Preliminary Statement**

Plaintiffs are the children of Jereme Hartwig, an inmate who hanged himself in the St. Louis County Jail in 2013. The gravamen of the allegations is that the plaintiffs' could not avail himself of the privileges afforded other inmates in the jail because the County did not treat his depression. As result, Mr. Hartwig became isolated and despairing, which drove him to suicide. Plaintiffs seek to hold the County responsible under the ADA and Rehabilitation Act of 1973, 42 U.S.C. §12101, et seq. and 29 U.S.C. §701, et seq. They filed an identical claim which was dismissed in a lawsuit currently pending before Judge Jackson, 4:14-CV-2069 CEJ. Defendant St. Louis County asks the Court to dismiss the Complaint for failure to state a claim upon which relief may be granted under F.R.C.P. 12(b)(6), and because of the pending lawsuit.

**Standard of Review**

The applicable pleading standard for a Motion to Dismiss is set forth in F.R.C.P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a

1

complaint. F.R.C.P. 8(a) requires a short and plain statement of the facts showing that the pleader is entitled to relief. *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.,* 616 F.3d 872, 876 (8th Cir. 2010). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)).

When ruling on a motion to dismiss, a court must liberally construe the complaint in favor of the plaintiff. *Huggins v. FedEx Ground Package Sys., Inc.,* 592 F.3d 583, 862 (8th Cir. 2010). At the same time, if a plaintiff fails to allege one of the elements necessary to recovery on a legal theory, the claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). And while courts must accept all factual allegations as true, they are not bound to take as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 677-78. In summary, a plaintiff must include sufficient factual information to provide "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly,* 550 U.S. at 555.

## Argument

From the outset, plaintiffs claim nothing more than County employees failed to treat Mr. Hartwig's depression. In paragraph 35 they state that Mr. Hartwig was not prescribed any medication, or provided any treatment for depression. And in ¶¶24 and 25, they allege that he was confined under no suicide preventative measures in the general population with a cellmate who was free to leave the cell at will. As a matter of law, a claim based on medical treatment decisions is not actionable under either the ADA or the Rehabilitation Act, however. *Burger v. Bloomberg,* 418 F.3d 882, 883 (8th Cir.2005). Claims related to failure to prevent jail suicides are analyzed as claims for inadequate medical treatment. *Drake ex rel. Cotton v. Koss*, 445 F.3d

2

1038, 1042 (8th Cir. 2006); *Hott v. Hennepin Cnty., Minn.,* 260 F.3d 901, 905 (8th Cir.2001). In *Shelton v. Arkansas Department of Human Services,* 677 F.3d 837 (8th Cir. 2012), the court upheld the dismissal of ADA and Rehabilitation Act claims based on very similar allegations involving a jail suicide. Therefore, plaintiffs have not stated a claim upon which relief may be granted.

Defendant County further asks the Court to dismiss the lawsuit because Judge Jackson has previously issued rulings on the issue. Plaintiffs made identical allegations against St. Louis County in a case pending before her.[1] Judge Jackson initially dismissed the claims on July 17, 2015, because plaintiffs lacked standing to proceed.[2] Plaintiffs filed a First Amended Complaint on November 17, 2015, which again included the ADA and Rehabilitation Act claims.[3] The only difference was that plaintiffs inserted an allegation that they were concurrently filing a Petition for Determination of Heirship in state court. Once again the court dismissed the claim on December 9, 2015.[4] On April 5, 2016, plaintiffs made a third attempt to assert their claims by seeking leave to the file a Second Amended Complaint.[5] Judge Jackson denied the request as untimely.[6]

After Judge Jackson determined that plaintiffs could not maintain their claims under the ADA and Rehabilitation Act against St. Louis County in their civil rights and wrongful death lawsuit for the suicide of Jereme Hartwig, they filed the instant lawsuit. Plaintiffs may not split a cause of action, however. *Clarke v. Redeker,* 406 F.2d 883, 885 (8th Cir. 1969). Even if the ADA

---

[1] Defendant attaches the original Complaint.
[2] Defendant attaches the July 17, 2015 Order dismissing the ADA and Rehabilitation Act claim.
[3] Defendant attaches the First Amended Complaint.
[4] Defendant attaches the December 9, 2015 Order.
[5] Defendant attaches the Second Amended Complaint that plaintiffs sought leave to file.
[6] Defendant attaches the April 12, 2016 order denying the request for leave to file the Second Amended Complaint.

and Rehabilitation Act theory poses a viable cause of action, there is no reason plaintiffs could not have raised the claims in the lawsuit before Judge Jackson (apart from the lack of diligence on the part of their lawyer in obtaining a determination of heirship, as pointed out by Judge Jackson in her April 12, 2016 Order). In *Mountain Pure, LLC v. Turner Holdings, LLC,* 439 F.3d 920, 924 (8th Cir. 2006) the court explained:

> the rule against the splitting of a single cause of action is intended to keep defendants from being harassed by a multiplicity of suits and to lighten the already overcrowded dockets of the trial courts. In finding the existence of a single cause of action we have placed some emphasis upon the fact that the several claims arise from a single transaction. In the case at bar we are firmly of the view that the fire created only one cause of action and that the plaintiffs ought not to be permitted to subdivide that cause of action, thereby burdening the defendant and the courts with the waste of time and expense that attends a needless jury trial.

For this additional reason, defendant asks the Court to grant its Motion to Dismiss.

Therefore, for the above reasons, Defendant St. Louis County asks the Court to grant its Motion to Dismiss, and to dismiss plaintiffs' lawsuit with prejudice.

          PETER J. KRANE
          COUNTY COUNSELOR

By:    /s/ Priscilla F. Gunn
     Priscilla F. Gunn    #29729MO
     Assistant County Counselor
     Michael E. Hughes   #23360MO
     Lawrence K. Roos Bldg.
     41 So. Central Avenue
     Clayton, MO. 63105
     314-615-7042; Fax 314-615-3732
     pgunn@stlouisco.com
     mhughes2@stlouisco.com
     Attorneys for Defendant
     St. Louis County

CERTIFICATE OF SERVICE

I certify that a copy of this document was sent by the Court's electronic filing system this 18th day of May, 2016 to all attorneys of record.


___Priscilla F. Gunn_____