# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| A.H., et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 4:16-CV-509 CDP |
| ST. LOUIS COUNTY, MISSOURI, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ST. LOUIS COUNTY, MISSOURI'S MOTION TO DISMISS

COMES NOW Plaintiffs A.H., B.H. and Catlin Dickerson (hereinafter the "Plaintiffs"), by and through their attorney, and respectfully request this Honorable Court to deny Defendant St. Louis County, Missouri's (hereinafter "Defendant St. Louis County") Motion to Dismiss and submits the following Memorandum in Opposition:

## I.    MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises ... thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) (*citing* Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The United States Supreme Court stated in *Ashcroft v. Iqbal*, "bare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129

S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the challenged claim. A claim must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

When reviewing a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all factual allegations contained in the Complaint, and review the Complaint to determine whether its allegations show the pleader to be entitled to relief. Twombly, 550 U.S. at 555–56; Fed.R.Civ.P. 8(a)(2). The court is then "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896, n.4 (8th Cir. 2010) (*citing* Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (*noting* "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")). When determining a motion to dismiss under Rule 12(b)(6), "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Notice pleading remains the rule in federal courts, requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a); Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)(post-*Twombly* case). While a plaintiff's claim to relief must be supported by sufficient factual allegations to be "plausible" under *Twombly*, nothing requires a plaintiff to prove his case in the pleadings. Twombly, 550 U.S. at 555. Plausibility, as the Supreme Court's recent elaboration in *Iqbal* makes clear, is a highly contextual enterprise -- dependent on the particular claims asserted, their elements, and the overall factual picture alleged in

the complaint. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007). Courts should construe pleadings liberally so as to do "substantial justice." Fed.R.Civ.P. 8(f); Erickson, 127 S. Ct. at 2200. Plaintiffs are not subject to a heightened standard of pleading in this case.

It is important to recognize that *Twombly* concerns allegations of an anti-trust conspiracy that were essential for plaintiffs' claim under § 1 of the Sherman Anti-Trust Act. Plaintiffs had to allege a "plausible" factual basis for the anti-trust claim, to wit "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the] illegal agreement." Twombly, 550 U.S. at 566. This was important because not all parallel conduct amongst competitors gave rise to an anti-trust claim; rather, it was only parallel conduct resulting from an unlawful agreement:

> "In identifying facts that are suggestive enough to render a § 1 conspiracy plausible, we have the benefit of the prior rulings and considered views of leading commentators, already quoted, that lawful parallel conduct fails to be-speak unlawful agreement. It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action."

Id. at 556-57.

The Court underscored the narrowness of its holding by stating allegations may be sufficient even if "actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556.

In the civil rights case of *Leatherman v. Tarrant County* the Supreme Court explained:

> "(T)he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claims. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993).

## II. MATTERS OUTSIDE OF THE PLEADINGS PRESENTED

Defendant St. Louis County's motion to dismiss presents matters outside of the pleadings. Particularly, Defendant St. Louis County attaches 6 documents to its memorandum in support of its motion to dismiss. (*See* Docs. #13-1 through #13-6).

Rule 12(d) of the Federal Rules of Civil Procedure provides:

> "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Fed.R.Civ.P. 12(d).

If the matters outside the pleadings are not excluded and Defendant St. Louis County's motion to dismiss is treated as a motion for summary judgment, Plaintiffs respectfully request a reasonable opportunity to present all the materials that is pertinent to the motion.

## III. PLAINTIFFS HAVE SUFFICIENTLY PLED AN ADA AND REHABILITATION ACT CLAIM AGAINST DEFENDANT ST. LOUIS COUNTY, MISSOURI

Defendant St. Louis County asserts that "plaintiffs claim nothing more than County employees failed to treat Mr. Hartwig's depression." (*See* Def. Mem. in Support, p. 2). This is not an accurate statement of Plaintiffs' case. In cherry-picking 3 paragraphs (¶¶ 24, 25 and 35) of Plaintiffs' 52-paragraph complaint, Defendant St. Louis County urges this Court to dismiss Plaintiffs' case for failure to state a claim upon which relief can be granted. Plaintiffs simply do not claim that, "County employees failed to treat Mr. Hartwig's depression." Plaintiffs' claims are specifically set forth in Count I in Paragraphs 47(a) through 47(g). Ironically enough, Defendant St. Louis County neither identified nor discussed the actual claims of Plaintiffs.

First and foremost, Defendant St. Louis County's approach in its Motion is directly contradictory to *Zoltek Corp. v. Structural Polymer Grp.*, which held that "the complaint should be

read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible". Zoltek Corp., 592 F.3d at 896, n.4. Defendant St. Louis County has identified a few paragraphs that contain background facts in support of their contention that Plaintiffs' case should be dismissed, yet ignores <u>all</u> of the paragraphs contained in Count I of Plaintiffs' Complaint.

Defendant St. Louis County also states that, "Claims related to failure to prevent jail suicides are analyzed as claims for inadequate medical treatment." (*citations omitted*) (*See* Def. Mem. in Support, pp. 2-3). However, nowhere in Count I of Plaintiffs' Complaint does it state that Plaintiffs are making a claim for a failure to prevent Mr. Hartwig's suicide.

Under well-established precedent, a person detained in jail may bring claims for disability discrimination under Title II of the ADA and Section 504 of the Rehabilitation Act[1] (hereinafter the "RA"). Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10, 118 S. Ct. 1952, 1954-55, 141 L. Ed. 2d 215 (1998). Title II prohibits discrimination by "public entities," 42 U.S.C. § 12131(1), and Defendant St. Louis County, who owns and operates the St. Louis County Jail, falls squarely within this statutory definition. *See* Yeskey, 524 U.S. at 210.

A plaintiff proceeding on a Title II ADA/RA claim must show, "that he is a qualified individual with a disability... and that due to his disability, he was denied participation in, or the benefits of... services, programs, or activities." Kutrip v. City of St. Louis, 329 F. App'x 683, 684 (8th Cir. 2009) *citing* Gorman v. Bartch, 152 F.3d 907, 911-12 (8th Cir. 1998); *see also* Randolph v. Rodgers, 170 F.3d 850, 857-58 (8th Cir. 1999). Plaintiffs, who bring this case on behalf of Mr.

---

[1] Section 504 of the RA protects qualified individuals from discrimination on the basis of disability by entities receiving financial assistance from any federal department or agency. 29 U.S.C. § 794 et seq. Passed in 1973, the ADA expanded upon its protections. Thus, the same prima facie case be made by a disabled plaintiff under both acts, Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir. 1999), and courts readily "examine cases construing claims under the ADA, as well as [S]ection 504 of the Rehabilitation Act, because there is no significant difference in the analysis of rights and obligations created by the two Acts," Vinson v. Thomas, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002).

5

Hartwig[2], have alleged that Mr. Hartwig was a qualified individual with a disability who suffered from depression, which caused him to self-inflict injury upon himself by hitting himself in the head with a telephone and later hanging and killing himself. At this stage of the proceedings, Plaintiffs have pled sufficient facts that Mr. Hartwig was a qualified individual with a disability. Second, Plaintiffs have alleged that, before his death, Mr. Hartwig was denied services, programs and activities by Defendant St. Louis County. (*See* Pls. Compl. ¶¶ 47(a) through 47(g)).

Based upon the foregoing, Plaintiffs respectfully request this Honorable Court to deny Defendant St. Louis County's motion to dismiss.

## IV. THE MERITS OF PLAINTIFFS' COMPLAINT HAVE NOT BEEN PREVIOUSLY ADJUDICATED

Defendant St. Louis County also argues that, "Defendant County further asks the Court to dismiss the lawsuit because Judge Jackson has previously issued rulings on the issue." (*See* Def. Mem. in Support, p. 3). It is not clear what Defendant St. Louis County means by, "Judge Jackson has previously issued rulings on the issue." Additionally, Defendant St. Louis County does not cite a single case or set forth a legal basis why the previous proceedings in a separate case warrant dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Inasmuch as Defendant St. Louis County may be arguing that Judge Jackson has previously ruled on the merits of the legal sufficiency of Plaintiffs' ADA/RA claim, this is completely false and not supported by the documents Defendant St. Louis County attached to their memorandum in support.

The facts of the proceedings with respect to this ADA/RA claim in the case before Judge Jackson are rather simple. Judge Jackson dismissed Plaintiffs' ADA/RA claim because of a lack of standing. Second, by the time Plaintiffs' standing defect was cured through a State of Missouri

---

[2] As Mr. Hartwig is deceased and Plaintiffs bring this case on Mr. Hartwig's behalf, Defendant St. Louis County do not challenge that Plaintiffs lack standing to bring this case.

probate action, Judge Jackson used her discretion and determined that it was too late in the case to allow Plaintiffs to amend their complaint to include the instant ADA/RA claim. Judge Jackson never ruled on the merits of the legal sufficiency of Plaintiffs' ADA/RA claim.

Based upon these facts, Defendant St. Louis County has set forth any legal authority why Plaintiffs' case should be dismissed. Plaintiffs respectfully request this Honorable Court to deny Defendant St. Louis County's motion to dismiss.

## V.  THERE IS NO SPLITTING OF A CAUSE OF ACTION

Defendant St. Louis County lastly argues that, "Plaintiffs may not split a cause of action..."[3] (*See* Def. Mem. in Support, p. 3). In its memorandum, Defendant St. Louis County cites to *Mountain Pure, LLC v. Turner Holdings, LLC* and sets forth a quote purported to be by the 8th Circuit Court of Appeals. (*See* Def. Mem. in Support, p. 4). A careful reading of the opinion shows that the quote is the 8th Circuit quoting a 1968 Arkansas Supreme Court case discussing Arkansas law. *See* Mountain Pure, LLC v. Turner Holdings, LLC, 439 F.3d 920, 924 (8th Cir. 2006). Defendant St. Louis County memorandum on this point is rather misleading and does not state accurately the law regarding the splitting of any cause of action.

Regardless, Defendant St. Louis County's argument is fatally flawed for two reasons. First, as Jackson astutely pointed out in her Memorandum and Order dated July 17, 2015, an ADA/RA claim of a decedent must be brought by the decedent's estate. (*See* Doc. #13-2, pp. 7-8). As no estate was opened within a year after Mr. Hartwig's death, Plaintiffs A.H., B.H. and Catlin Dickerson obtained a probate court judgment determining them to be the heirs of Mr. Hartwig's estate. As Plaintiffs' Complaint states, "Plaintiffs A.H., B.H. and Catlin Dickerson, Decedent Hartwig's natural

---

[3] Defendant St. Louis County cites to *Clarke v. Redeker*. However, *Clarke* addressed the issue of *res judicata* and is inapposite factually to the argument made by Defendant St. Louis County here as the Plaintiff filed an action that was adjudicated and subsequently filed a similar case after the adjudication of the first case. *See* Clarke v. Redeker, 406 F.2d 883, 885 (8th Cir. 1969).

7

children, bring this case as heirs of the estate of Decedent Hartwig." (*See* Pls. Compl. ¶ 9). There can be no determination of splitting a cause of action as there are entirely different Plaintiffs in this case as there are in the case before Judge Jackson. This is soundly evidenced by Judge Jackson's ruling that individuals lack standing to bring an ADA/RA claim. The Plaintiffs in the case before Judge Jackson are individuals.

Second, the factual basis for this case is separate and distinct from the case before Judge Jackson. The case before Judge Jackson is a deliberate indifference case regarding the actual suicide of Mr. Hartwig against Defendant St. Louis County **and** three individual defendants. Said case has nothing to do with whether Mr. Hartwig was disabled within the meaning of the ADA nor does it have anything to do with the denial of benefits of services, programs, or activities.

Lastly, it's rather disingenuous for Defendant St. Louis County to now complain of defending this case separate from the case before Judge Jackson. When Plaintiffs here, as heirs of Mr. Hartwig's estate, sought leave to include this ADA/RA case in the case before Judge Jackson, Defendant St. Louis County objected. If Defendant St. Louis County did not want Plaintiffs here, as heirs of Mr. Hartwig's estate, to bring this case separate from the case before Judge Jackson, they should not have objected. Defendant St. Louis County's motion to dismiss should be denied.

## VI. CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request this Honorable Court to deny Defendant St. Louis County's Motion to Dismiss and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
    James W. Schottel, Jr.  #51285MO
    906 Olive St., PH
    St. Louis, MO 63101
    (314) 421-0350
    (314) 421-4060 facsimile
    jwsj@schotteljustice.com

    Attorney for Plaintiffs
    A.H.
    B.H.
    Catlin Dickerson

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

    Priscilla F. Gunn
    pgunn@stlouisco.com

    Michael E. Hughes
    Mhughes2@stlouisco.com

    Attorneys for Defendant
    St. Louis County, Missouri


s/*James W. Schottel, Jr.*