UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.H., et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:16 CV 509 CDP |
| COUNTY OF ST. LOUIS, MO., | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER OF STAY

This recently-filed case is before me on defendant's motion to dismiss. Plaintiffs are the heirs of decedent Jereme Hartwig, who committed suicide while incarcerated in the St. Louis County Jail. Plaintiffs bring claims against defendant St. Louis County under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, over decedent's suicide. Plaintiffs have also brought a 42 U.S.C. § 1983 wrongful death claim against the same defendant for decedent's suicide. That case, which has been pending since 2014, is currently set to go trial in this Court before the Honorable Carol E. Jackson on September 6, 2016. Case No. 4:14 CV 2069 CEJ. This case was filed in April, after Judge Jackson denied plaintiffs leave to amend the complaint and bring disability discrimination claims in her case.

Defendant has filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's claims are not cognizable and that plaintiffs have impermissibly split their cause of action. Plaintiffs respond that they have not impermissibly split their cause of action because they bring the two cases in different capacities. In the reply brief in support of the motion, defendant alternatively asks the Court to stay this case pending the outcome of Judge Jackson's case.

Having reviewed the pending motion in light of the relevant standards,[1] I will deny the motion to dismiss without prejudice and stay this action pending the outcome of Judge Jackson's case. While I agree with plaintiffs that defendant is unlikely to prevail on its argument regarding splitting a cause of action where the plaintiffs are required to proceed in different capacities, I am skeptical about whether plaintiffs will be able to succeed on a claim for their decedent's suicide

---

[1] In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

under the ADA and the Rehabilitation Act. However, in the interests of fairness and judicial economy, I conclude that this case should be stayed pending the outcome of the wrongful death case. Should the parties settle that case, I urge them to avoid unnecessary and potentially costly litigation by settling this case as well. If Judge Jackson's case is resolved prior to trial or the trial is rescheduled, the parties shall inform me of that fact by filing a joint memorandum within ten (10) days of the entry of any such Order by Judge Jackson. When all proceedings have concluded before Judge Jackson (whether through trial or otherwise and excluding any appeal), the parties shall notify me within ten (10) days of the conclusion of said proceedings by filing a joint motion to lift the stay or for such other or further relief as the parties deem appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [12] is denied without prejudice to being refiled, if necessary, following a lifting of the stay of this action.

**IT IS FURTHER ORDERED that this case is stayed pending further Order of the Court,** and the parties shall file such joint memoranda as may be required as set out above, and shall in any event file a joint motion to lift the stay or for such other or further relief as the parties may deem appropriate within ten

(10) days of the date when all proceedings have concluded before the district court in Case Number Case 4:14 CV 2069 CEJ, excluding any appeal.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2016.