UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.H., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:16 CV 509 CDP |
| | ) |
| COUNTY OF ST. LOUIS, MO., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER OF DISMISSAL**

Plaintiffs are the heirs of decedent Jereme Hartwig, who committed suicide while incarcerated in the St. Louis County Jail. Plaintiffs bring claims against defendant St. Louis County under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, over decedent's suicide. Plaintiffs also brought a 42 U.S.C. § 1983 wrongful death claim against the same defendant for decedent's suicide. That case was pending before the Honorable Carol E. Jackson. Case No. 4:14 CV 2069 CEJ. In the interests of fairness and judicial economy, I stayed this case pending the outcome of Judge Jackson's wrongful death case and denied defendant's motion to dismiss without prejudice to being renewed pending resolution of Judge Jackson's case. [22].

On January 25, 2017, Judge Jackson granted summary judgment to defendants in her case. Plaintiffs are appealing that decision. Defendant renews its request to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that plaintiffs have impermissibly split their cause of action and that plaintiffs' claims challenging the adequacy of the decedent's medical treatment are not cognizable under the ADA or the Rehabilitation Act. Plaintiffs respond that they have not impermissibly split their cause of action because they bring the two cases in different capacities and that their claims are not barred.

Having considered the renewed motion in light of the relevant standards,[1] I will grant defendant's motion to dismiss for the reasons set out in the motion and supporting memoranda.

Accordingly,

---

[1] In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

**IT IS HEREBY ORDERED** that defendant's renewed motion to dismiss [12] is granted, and plaintiffs' complaint is dismissed.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2017.